## MARCINCO v SPRINGFIELD (city)

Ohio Appeals, 2nd Dist, Clark Co

No 308.    Decided Dec 1, 1932

R. S. Lucas, Springfield, for plaintiff in error.

Ben. J. Goldman, Cleveland, for defendant in error.

BY THE COURT

Of course, it is well known to ·counsel that in these prosecutions wherein the trial judge is given authority he acts both as trier of the law and the facts and on the facts determines their weight as a jury does where a jury is proper, so that the ordinary test must be applied to this judgment, namely, were the inferences drawn from the evidence so manifestly against the weight thereof as to require this court to reverse?

This is a case where the liquor was found

in a garage, which the evidence clearly discloses was rented to and therefore in the possession of plaintiff in error. It is true that the record does not show that he had been about the garage much, in fact he was only brought there directly once. But, upon a showing that he had exclusive right of possession and that those who went there could only have done so lawfully under his permission an inference properly arises that he was in dominion and control of the premises and articles therein. It appears that access to this garage could have been had from an adjoining stall or garage from above a partition. The record discloses that there was found in a sack in the garage rented by plaintiff in error 43 pints of Lincoln Rye Whiskey, 6 pints of Old Kentucky, 12 pints of Old Crow, 3 gallons of corn alcohol, 1 quart of Barcada Rum and five thirds of Scotch Liquor.

It is evident that this was a considerable quantity of liquor and while it would be entirely possible to get it into the garage over the partition, it is not probable that it was so taken in. The only theory upon which the plaintiff in error could explain this formidable amount of high quality liquor would be that it was planted on his premises without his knowledge or consent. His former conviction of illegally possessing intoxicating liquor may have affected his credibility. The trial court had the benefit of his explanation and all the facts and circumstances tending to show he did not possess the liquor.

We cannot say that the trial court erred in finding that the presumption of possession was strong enough to support the conviction in the light of all the evidence tending to dispel it.

Judgment affirmed.

ALLREAD, PJ, HORNBECK and KUNKLE, JJ, concur.